OPINION
Defendant-appellant, Sir Jeffrey Carroll, appeals the judgment of the Franklin County Court of Common Pleas whereby appellant was convicted of possessing crack cocaine and tampering with evidence, pursuant to a jury trial.
The record establishes the following pertinent facts: On November 14, 1997, two Columbus police officers pulled a car over for speeding. Appellant was a passenger in the car. As the police officers approached the car, they detected a scent of marijuana. In order to investigate the detected scent of marijuana in the car, the police officers placed appellant in a police cruiser, which had arrived on the scene for assistance. The police officers placed the driver in a separate police cruiser because, according to standard operating procedure, police officers never place more than one person in the back of a police cruiser. Before appellant was placed in the police cruiser, a police officer searched the backseat to make sure no contraband was present. Appellant was placed in the backseat of the police cruiser upon the police officer's finding that the area was clean and free of contraband.
As the police officers were continuing their investigation, one of the officers saw appellant throw a bag on the floor of the police cruiser and kick it about with his feet. The police officers removed appellant from the police cruiser and searched him. Upon searching appellant, the police officer found a bag of marijuana. Appellant was placed under arrest based on the police officers discovering marijuana on appellant and upon their finding concealed weapons in the car originally occupied by appellant. Thus, appellant again was placed in the cruiser and transported to the police station.
When the police officers removed appellant from the police cruiser to take him into the police station, they found substances later identified as rocks of crack cocaine on and underneath the backseat where appellant had been sitting. As well, the police officers found an empty bag in the cruiser and noticed that the floorboard of the backseat was covered with a white powder in the form of "chalk lines." Furthermore, the police officers discovered that the grooves of appellant's shoes contained traces of substances later identified as crack cocaine.
Appellant was charged with carrying a concealed weapon, tampering with evidence and possessing crack cocaine. In January 1999, the trial court, pursuant to a jury trial, acquitted appellant of the concealed weapon charge, but convicted appellant of tampering with evidence and possessing crack cocaine.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
In his single assignment of error, appellant asserts that there is insufficient evidence to support his convictions. We disagree.
Sufficiency of evidence is the legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. State v. Thompkins (1997), 78 Ohio St.3d 380,386. When reviewing whether a verdict was supported by a sufficiency of the evidence, an appellate court examines the evidence in the light most favorable to the prosecution and concludes whether any rational trier of fact could have found essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, at 273.
The jury convicted appellant of possessing crack cocaine found in the backseat area of the police cruiser, in violation of R.C. 2925.11, which makes it unlawful for anyone to knowingly obtain, possess or use a controlled substance.
We recognize that other Ohio Courts of Appeals have upheld the convictions of defendants for possession of controlled substances where police officers found crack cocaine in the backseat of police cruisers after removing the defendants from the backseat. State v. Stringer (Sept. 29, 1997), Scioto App. No. 97 CA 2506, unreported; see, also, State v. Gutierrez (1994),95 Ohio App.3d 414, 416-417 (upholding a defendant's convictions of drug abuse and possession of drug abuse paraphernalia where police officers found a vial of crack cocaine on the floor of the police cruiser after removing the defendant from the police cruiser). InStringer, the court noted that the crack cocaine ultimately found in the backseat of the police cruiser was not present in the backseat prior to the defendant being placed in the cruiser.Stringer. Additionally, the court noted that the defendant was the only person sitting in the backseat of the cruiser when the police officers found the crack cocaine. Stringer. Thus, according to the court in Stringer, a trier of fact could use the above evidence to conclude that the defendant had physical "possession of the crack cocaine prior to his arrest and then, during the transport, deposited it in the rear seat of the cruiser." Stringer.
In this case, the police officers found crack cocaine on and underneath the backseat of the police cruiser after removing appellant from the cruiser. The crack cocaine was not present in the backseat of the police cruiser prior to appellant being placed in the police cruiser and he was the only individual who had been sitting in the backseat of the police cruiser when the police officers found the crack cocaine. Additionally, as noted below, there is evidence to support a finding that appellant was grinding rocks of crack cocaine into the floorboard of the police cruiser. Thus, we agree with the rationales in Stringer and Gutierrez, and conclude that a jury may properly find that appellant physically possessed the crack cocaine while in the police cruiser and then, during transport, deposited the controlled substance in the backseat of the cruiser. Accordingly, examining the evidence in a light most favorable to the prosecution, we find sufficient evidence to support appellant's conviction of possessing the crack cocaine found in the backseat of the police cruiser.
As well, the jury convicted appellant of tampering with evidence in violation of R.C. 2921.12 based on the allegation that appellant unlawfully destroyed, altered and concealed some of the crack cocaine in his possession. As it relates to this case, R.C.2921.12 makes it unlawful for any person, "knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted" to alter, destroy, or conceal anything with the purpose of impairing its availability as evidence in such investigation or proceeding.
The committee comment to H.B. 511 (codified in part as R.C. 2921.12) emphasizes that R.C. 2921.12 covers the tampering of evidence not only in official investigations and proceedings in progress, but in those that are about to be or likely to be instituted. See, also, State v. McNeeley (1988), 48 Ohio App.3d 73,77 (holding that a police officer violated R.C. 2921.12 where the officer knowingly filed a false report with knowledge that it would likely be used in an investigation). Thus, a court upheld a defendant's conviction of tampering with evidence where the defendant was a passenger in a car that was stopped for speeding and was found to have concealed crack cocaine in the car during the traffic stop. State v. McIver (Dec. 18, 1995), Warren App. No. CA94-11-098, unreported. As well, a defendant's conviction of tampering with evidence was upheld where the defendant was found to have concealed crack cocaine underneath the backseat of a police cruiser while being transported to the police station.Stringer.
In this case, like the defendant in Stringer, appellant was being transported to a police station so that the police officers could continue their investigation and process appellant's arrest. Accordingly, we can infer from the facts and circumstances in this case that appellant knew he would likely be searched more thoroughly at the police station and that his possession of crack cocaine would likely subject him to more proceedings and investigations relating to the possession of controlled substances. See State v. Diana (1976), 48 Ohio St.2d 199, certiorari denied (1977), 431 U.S. 917 (discussing when a person could be found to have known that an investigation is in progress by police officers).
Additionally, the evidence shows that appellant concealed, altered and destroyed the crack cocaine in his possession. As noted above, police officers found substances later identified as rocks of crack cocaine underneath the backseat of the police cruiser where appellant had been sitting. Additionally, the police officers found an empty bag in the police cruiser. Furthermore, the grooves of appellant's shoes contained traces of crack cocaine and the floorboard of the backseat of the police cruiser was covered with a white powder in the form of "chalk lines." Thus, we conclude that a jury could properly infer from the above information that appellant was concealing the crack cocaine underneath the backseat of the police cruiser and was destroying and altering the crack cocaine by grinding rocks of the controlled substance into the floorboard of the police cruiser. Therefore, examining the evidence in a light most favorable to the prosecution, we conclude that there is sufficient evidence to support the jury's finding that appellant tampered with evidence in this case.
Appellant also asserts in his single assignment of error that his convictions are against the manifest weight of evidence. We disagree.
Determining whether a judgment is against the manifest weight of the evidence concerns the inclination of the greater amount of credible evidence to support one side of the issue rather than the other. Thompkins, at 387. When a court of appeals reverses a judgment of a trial court on the basis that the judgment is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the resolution of the conflicting testimony. Id. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and remanded to the trial court. Id.
In this case, nothing in the record suggests that the evidence and testimony supporting appellant's convictions should not be given consideration. As well, nothing in the record suggests that the jury clearly lost its way when deciding to find appellant guilty of possessing crack cocaine and tampering with evidence. We acknowledge that appellant testified that the crack cocaine did not belong to him and that he did not destroy, alter or conceal the controlled substance. However, credibility determinations on conflicting testimony are issues primarily reserved to the trier of fact to be second-guessed only in the most exceptional case. In re Jerome Fisher (June 25, 1998), Franklin App. No. 97APF10-1356, unreported (1998 Opinions 2338, 2345). Accordingly, we conclude that appellant's convictions are not against the manifest weight of the evidence.
In summary, we conclude that appellant's convictions are based on a sufficiency of the evidence and are not against the manifest weight of the evidence. Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
TYACK and BROWN, JJ., concur.