DECISION AND JUDGMENT ENTRY
Jennie Grinstead appeals the trial court's denial of her request to have the bond posted to secure the release of her son, Charles Whittington, returned to her. She asserts that the trial court erred in refusing to return the bond money to her. We disagree because whether Grinstead's testimony that she gave Whittington the money to post his bond was credible was a matter for the trier of fact. She also asserts that the trial court violated her right to procedural due process. We do not consider the merits of this argument because she failed to raise it in the trial court. Accordingly, we affirm the judgment of the trial court.
 I.
Whittington was serving his sentence for escape when the Meigs County Court of Common Pleas set bond pending Whittington's appeal. After Whittington personally posted bond, he was released.
Based upon our decision in Whittington's direct appeal, Statev. Whittington (March 19, 1999), Meigs 98CA15, unreported, the trial court released Whittington. The trial court also ordered the clerk of courts to apply the bond posted to any "unpaid costs, fines, restitution, or other payments."
Grinstead petitioned the court for the return of the bond money to her. The trial court held a hearing on Grinstead's motion. At the hearing, only Grinstead testified. She testified that after the trial court set Whittington's bond, she took two hundred fifty dollars to the clerk of court's office and attempted to post the bond. According to Grinstead, an employee of the clerk's office told Grinstead that the court's policy required defendants to personally post bonds. As a result, Grinstead met Whittington at the sheriff's office the next day and handed Whittington the two hundred fifty dollars, which he used to post his bond.
After the hearing, the trial court issued a judgment entry, which provides in part: "the representations of the Petitioner are not supported by the record. Rather, the state of the record is contrary to the representation that the Petitioner personally posted bond to secure the release of the Defendant. * * * Additionally, the Record indicates that this Court never Ordered the bond to be posted personally [by Whittington]." The trial court concluded from its findings that Whittington personally posted the bond, and it denied Grinstead's motion.
Grinstead appeals and asserts the following assignments of error:
 I. The trial court erred as a matter of law in not returning Ms. Grinstead's money, in violation of Ohio Revised Code § 2937.22 and § 2937.40.
 II. The trial court erred as a matter of law in denying Ms. Grinstead of her right to due process of law before depriving her of her money and in denying Ms. Grinstead her constitutional right for her money to be free of unreasonable seizure without probable cause or other legal basis.
 II.
In her first assignment of error, Grinstead argues that the trial court's decision is against the manifest weight of the evidence. She asserts that the trial court erred in failing to accept her uncontroverted testimony that (1) she attempted to post Whittington's bond, (2) the clerk of courts, pursuant to the trial court's policy, refused to allow anyone but Whittington to post his bail, and (3) the next day, Grinstead gave two hundred fifty dollars to her son, which he used to post his bond. She asserts that had the trial court accepted her testimony, R.C.2937.40 would have prevented the trial court from applying the bond to Whittington's costs without her permission.
Grinstead apparently assumes that her testimony concerning the events surrounding Whittington's bond, standing uncontradicted, is conclusive proof that the court has a policy requiring defendants to personally post their bonds. We disagree. The credibility of Grinstead's testimony was an issue to be resolved by the trial court, as a trier of fact. See, e.g., State v.Frazier (1995), 73 Ohio St.3d 323, 339. The trial court, as trier of fact, was free to believe all, part, or none of Grinstead's testimony. State v. Nichols (1993), 85 Ohio App.3d 65, 76. The mere fact that no contradictory testimony concerning the events was presented did not, ipso facto, require the trial court to accept Grinstead's testimony. See State v. Caldwell (1992),79 Ohio App.3d 667, 680.
A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus. The trial court's decision is supported by some competent, credible evidence. Whittington's bond papers indicate that he personally posted his own bond. This constitutes some competent, credible evidence that Grinstead did not post Whittington's bond. Thus the trial court's decision was not against the manifest weight of the evidence.
R.C. 2937.40 requires bail deposited by a person other than the accused be released, and prohibits a court from applying any of the bond money in satisfaction of a penalty or fine. State v.Lefever (1993), 91 Ohio App.3d 301. See, also, State v. Cooper
(May 28, 1997), Meigs App. No. 96CA28, unreported, fn. 2. We agree with Grinstead that if the clerk of courts or the trial court has a policy that requires all criminal defendants to personally post their bond, that policy violates R.C. 2937.22. See Cooper, supra at fn. 2. However, because the trial court found no such policy in this case and because the trial court found that Whittington, not Grinstead, posted Whittington's bond, the trial court did not err by refusing to return the bond money to Grinstead. Accordingly we overrule her first assignment of error.
 III.
In her second assignment of error, Grinstead argues that the trial court denied her due process of law and unconstitutionally seized her money. She, first asserts that the trial court did not give her adequate notice before taking her money. She next asserts that the trial court did not afford her an impartial arbiter. Lastly, she asserts that the trial court unreasonably seized her money in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution. However, Grinstead failed to object to the lack of notice or the trial judge's alleged impartiality, and failed to raise an unreasonable seizure argument in the trial court.
The failure to promptly object and call any error to the attention of the trial court, at a time when it could have been prevented or corrected, amounts to a waiver of such error. Statev. Gordon (1971), 28 Ohio St.2d 45, at paragraph two of the syllabus; Owners Management Co. v. Moore (1996), 111 Ohio App.3d 533 [111 Ohio App.3d 820]. See, also, Stores Realty v. Cleveland
(1975), 41 Ohio St.2d 41, 43 (failure to make an argument to the trial court waives the argument on appeal). Thus, Grinstead waived any error she complains of in her second assignment of error. Accordingly, we overrule it.
 IV.
In sum, we overrule both of Grinstead's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the MEIGS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: __________________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.