The **STATE** of Ohio, Appellee,

v.

**LEFEVER, Appellant.**

[Cite as *State v. Lefever* (1993), 91 Ohio App.3d 301.]

Court of Appeals of Ohio,
Champaign County.

Nos. 92–CA–19 and 93–CA–14.

Decided Oct. 27, 1993.

*Darrell L. Heckman,* Champaign County Prosecuting Attorney, for appellee.

*Patrick A. Flanagan,* for appellant.

BROGAN, Judge.

Lonnie Dean Lefever appeals from the judgment of the Champaign County Court of Common Pleas rendered on March 17, 1992 in case No. 93–CA–14, finding him not indigent with respect to the payment of fines assessed against him. The state of Ohio appeals from the judgment of the Champaign County Court of Common Pleas rendered on August 12, 1992 in case No. 92–CA–19, wherein the court ordered the return of Lonnie Dean Lefever's bond to him. Although these cases were not consolidated, both arise from trial court case No. 89–CR–133 and are sufficiently related for this court to consider them together.

The facts and procedural history of this case are as follows.

On August 31, 1989, a complaint was filed in the Champaign County Municipal Court charging Lefever with trafficking drugs in violation of R.C. 2925.03(A)(7). A warrant for his arrest was filed on September 1, 1989, and Lefever was taken into custody in the Champaign County jail. On September 1, 1989, Lefever filed an affidavit of indigency in the municipal court. The municipal court found Lefever to be indigent "only and for the sole purpose of a determination of eligibility for counsel" on September 1, 1989. A bond was set at $50,000 cash,

and on September 8, 1989, Lefever posted ten percent, or $5,000 and was discharged from the Champaign County Jail.

On October 3, 1989, Lefever was indicted in the Court of Common Pleas of Champaign County on three counts of aggravated trafficking and two counts of trafficking in marijuana. See R.C. 2925.03(A)(1) and (E)(1).

By entry dated October 13, 1989, the common pleas court determined that Lefever was indigent. The court appointed counsel for him, and Lefever pled not guilty to the charges. Bond was continued in the amount of $50,000, with the ten-percent provision.

On January 5, 1990, Lefever's counsel filed a motion for change of counsel. On January 8, 1990, the motion was sustained, and Lefever's parents retained a substitute attorney for him.

On March 2, 1990, Lefever pled guilty to counts one and three pursuant to plea negotiations. On April 4, 1990, Lefever appeared in open court with his counsel for disposition and was given the opportunity to speak in mitigation of punishment.

On April 5, 1990, Lefever filed an affidavit of indigency, which stated that he had no assets, that he was indigent at the time of his arrest, and that his relatives raised the money to hire counsel for him, which he will be required to repay. The affidavit also stated that Lefever had no assets with which to pay the fines assessed to him.

On April 10, 1990, the trial court journalized its judgment, conviction, and sentence. On count one, Lefever was sentenced to no less than five nor more than twenty-five years' incarceration, with five years' actual incarceration to be served concurrently with a two-year sentence on count three. He also received mandatory, cumulative fines of $7,500 on count one and $2,500 on count three. The entry further stated that:

"The clerk shall withhold distribution of the bond of $5,000.00. Counsel for Defendant shall provide written information to the Court as to the source of the bond money. The records seem to indicate that the Defendant posted the bond. The court will make a bond order when the order is issued as to the mandatory fine. The clerk will deduct the ten percent (10%) fee before making any bond distribution.

" * * *

"Defense Counsel expects to be filing an affidavit concerning indigency to supplement his indigency claims which were raised in September, 1989. *The Court withholds ruling on Defendant's indigency status.*" (Emphasis added.)

No appeal was taken from this judgment.

On April 11, 1990, Marvin Lefever, Lonnie's father, filed an affidavit stating that he provided the funds to post the $5,000 cash bond and that he attempted to put the bond money in his own name, but was told by the Urbana Municipal Court Clerk that he could not do so. He was also told that the money would not be applied toward the payment of Lonnie's fines but would be returned to him after the termination of the case.

The County Clerk and two Deputy Clerks filed statements in response to the affidavit which essentially stated that they had never had a conversation with anyone regarding the return of a posted bond or its application to fees in this case.

On April 16, 1990, Lefever filed a motion for a hearing on the disposition of the bail money, specifically, to have the funds returned to his father.

On April 17, 1990, the prosecutor filed a memorandum in opposition to the request of return of bond.

On June 11, 1990, a hearing was held on Lefever's motion for the disposition of the bond money. At the hearing, Lonnie's father testified that he posted the bond for his son after his indictment. He also stated that the Urbana Municipal Court Clerk informed him that the funds had to be put in Lonnie's name, but would be returned to him and not applied toward payment of Lonnie's fines.

Lefever's first attorney, appointed by the court, testified that the prosecutor had required that any bond posted in Lefever's case be posted in the name of Lonnie Lefever as a condition for bond.

The Champaign County Municipal Court Prosecutor testified that Lefever's attorney requested a cash bond in lieu of the full bond because the bond set was quite high. He stated that the parties agreed that a ten-percent provision would be acceptable to the state with the condition that the money be posted in Lefever's name. He further stated that he informed Lefever's counsel that the prosecutor wanted this money available for any type of fine that might be imposed on Lefever. However, he conceded that while Lefever's attorney agreed that the bond would be posted in Lefever's name, he did not necessarily agree with the legal ramification that the funds could be attached for the payment of fines.

On August 12, 1992, a journal entry was filed on the issue of the disposition of the $5,000 cash bond. The court ordered the bond returned to Lonnie pursuant to R.C. 2937.40, finding that the receipt for the cash posting in municipal court was issued in his name. This statute provides, in pertinent part, that:

"(B) When cash or securities have been deposited as bail by a person other than the accused and the bail is discharged and released pursuant to division (A) of this section, * * * the court shall not deduct any amount from the cash * * *.

The court shall not apply any of the deposited cash * * * toward * * * the satisfaction of any penalty or fine * * * assessed against the accused upon his conviction or guilty plea, except upon express approval of the person who deposited the cash or securities or the surety.

"(C) Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 *by an accused* shall be discharged and released to the accused * * * upon the appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate, except that, if the defendant *is not indigent,* the court may apply deposited bail toward the satisfaction of a penalty or fine * * *." (Emphasis added.)

Specifically, the trial court found that Lefever was indigent for the purpose of providing counsel at his municipal court and common pleas court arraignments. The court reasoned that because the finding of indigency was never withdrawn, Lefever continued to be indigent throughout the proceedings. The court stated:

"The court finds no statutory or case law authority to apply the bond money to the mandatory fine in the present case. The Court does not believe, in view of the statute, that there is any inherent power in the court to apply the bond to the mandatory fine.

"In the present case the evidence does not establish an agreement to have the bond applied to any mandatory fine. The receipt in the case does not indicate any such agreed application and the bond does not contain any term relating to application of the bond to a mandatory fine. In the absence of proof of a bond disposition agreement by extrinsic means the court is required to look at the terms of the bond and there is no court ordered bond term relating to the return of the property."

The same day, the state filed a motion for a stay of the court's order releasing the bond to Lefever. The court sustained the motion.

On August 14, 1992, the state appealed from the August 12, 1992 judgment entry ordering the return of Lefever's bond to him. On September 4, 1992, a show cause order was filed ordering the state to show cause why its appeal should not be dismissed for failure to obtain leave of court to file a notice of appeal. See R.C. 2945.67.

On September 9, 1992, the state filed a motion for leave to appeal the trial court's August 12, 1992 decision pursuant to App.R. 5, stating:

"The State accepts the court's determination of facts. * * * The state asserts that given the established facts, the court misapplied the law in refusing to allow the bond to be applied to defendant's mandatory fine. R.C. 2937.40(C) cited by the court prohibits the use of a bond for the payment of fine and costs if the

defendant is indigent. That sub-section specifically allows the application of bail toward a fine and costs if the defendant is not indigent. In this case the defendant was originally found indigent, despite posting $5,000 in cash as bond. Thereafter, he hired his own attorney to represent him who came from Dayton and represented him on a negotiated plea and sentencing. A person with a retained lawyer is not indigent and the trial court erred in so holding."

On September 9, 1992, the state appealed from the judgment entry ordering the return of Lefever's bond to him. On September 30, 1992, the trial court granted the state's motion for leave of appeal.

On December 21, 1992, Lefever filed a motion to remand the case for clarification or modification of the trial court's journal entry of judgment, conviction and sentence filed on April 10, 1990. The motion sought an entry reflecting that Lefever was indigent at the time of sentencing, and remained so, precluding the imposition of any mandatory fine pursuant to R.C. 2925.03(H) and (L). Specifically, Lefever argued that R.C. 2925.03(L) precludes the imposition of mandatory fines upon one who files an affidavit prior to sentencing alleging indigence with regards to fines and whom the court finds to be indigent, both of which he argues have been fulfilled in his case.

On December 23, 1992, the state filed a memorandum in reply, asserting that the court's ruling did not require clarification. The memorandum further asserted that because no appeal was taken of the August 10, 1990 judgment entry, that order is now final and the court is without jurisdiction to change its earlier ruling.

The trial court filed an entry withholding ruling on Lefever's motion for clarification or modification on December 24, 1992. Specifically, the court found that the exhibits referred to in the motion were not attached to the motion and set forth deadlines for the filing of the documents and a response.

On December 31, 1992, defendant's Exhibits A, B, and C were filed. The exhibits were not labeled, but the original motion refers to Exhibit A as the April 4, 1990 journal entry of conviction and sentence, Exhibit B as the April 5, 1990 affidavit of indigency, and Exhibit C as the August 12, 1992 journal entry finding Lefever indigent.

On February 2, 1993, this court declined to remand this case to the trial court for consideration of the motion for clarification or modification of the sentence.

On March 17, 1993, the trial court considered Lefever's motion for clarification or modification of sentence regarding mandatory fines. The court held that the fines remained in effect and that Lefever was not indigent for purposes of paying the fines.

Specifically, the court found that there is no requirement that there be a lump sum payment of fines, and they could be paid over a period of time. The court stated:

"Indigency standards for the purpose of obtaining representation by counsel are different standards than indigency standards of payment of mandatory fines. The Court was under the circumstances of the case required to make counsel available to the defendant on an indigency basis. The defendant elected to utilize the services of counsel retained by the family. The mandatory fine obligation takes precedence over the defendant's claim of debt obligation to relatives for payment of retained counsel."

On April 8, 1993, Lefever filed a notice of appeal from the trial court's March 17, 1993 journal entry finding him not indigent for the payment of mandatory fines.

Although the state's appeal from the trial court's August 12, 1992 judgment entry ordering the return of Lefever's bond to him was filed first in time, in the interest of clarity we will consider Lefever's appeal from the trial court's March 17, 1993 judgment first.

Lefever advances one assignment of error, asserting that the trial court erred as a matter of law when it ruled that he was not indigent for purpose of paying the mandatory fines after it had found that he "continued to be indigent" by its decision of August 12, 1992.

The record shows that at the commencement of this case, Lefever filed an affidavit of indigency, and that the trial court found him indigent with respect to the appointment of counsel only. The record is devoid of evidence that his status in that respect changed in any way. At his sentencing, the trial court continued the matter of determining whether Lefever was indigent with respect to the payment of the mandatory fines assessed to him. On August 12, 1992, the trial court found that Lefever had previously been found indigent for the purpose of providing counsel and continued to be so throughout the proceedings.

On December 21, 1992, Lefever filed a motion for clarification on the issue of his indigency. On March 17, 1993, the trial court found that Lefever was not indigent for the purpose of paying the fines.

Lefever now argues that the trial court changed its ruling on Lefever's indigency status by finding on August 12, 1992 that Lefever was indigent and continued to be indigent, and finding on March 17, 1993 that he was not indigent for the purpose of paying the fines. Lefever also argues that the August 12, 1992 finding of indigency constituted a judgment and is *res judicata* on the issue of indigency for purposes of paying mandatory fines.

■ The imposition of mandatory fines is governed by R.C. 2925.03(L), which provides that:

"No court shall impose a mandatory fine pursuant to division (H) of this section upon an offender who alleges, in an affidavit filed with the court prior to his sentencing, that he is indigent and is unable to pay any mandatory fine imposed pursuant to that division, *if the court determines that the offender is an indigent person and is unable to pay the fine.*" (Emphasis added).

Thus, the court must make a two-prong determination: (1) find the offender to be indigent, and (2) find that the offender is unable to pay the fine.

■ This court has previously held that "finding the defendant is indigent for purpose of receiving assigned counsel does not obviate the necessity of a separate finding that he is indigent for purpose of waiving mandatory fine for certain drug offenses." *State v. Gibson* (Apr. 12, 1993), Montgomery App. No. 13476, unreported, 1993 WL 114493. See, also, *State v. Brown* (June 6, 1990), Summit App. No. 14375, unreported, 1990 WL 77140; *State v. Slife* (Dec. 5, 1991), Shelby App. No. 17–91–5, 1991 WL 259552. Thus, there is a difference between a finding of indigency for purposes of receiving appointed legal counsel and the finding of indigency to avoid having to pay a mandatory fine. *State v. Powell* (1992), 78 Ohio App.3d 784, 605 N.E.2d 1337.

"The basis for requiring a determination that the defendant is unable to pay a mandatory fine when the trial court previously found the defendant to be indigent for purposes of receiving appointed counsel is simple. Many criminal defendants, even those who have steady income, are not able to raise sufficient funds to pay the retainer fee required by private counsel before counsel will make an initial appearance. This difference is even more evident in cases where the defendant has to utilize his financial resources to raise sufficient bond money in order to be released from jail. In contrast, the payment of a mandatory fine over a period of time is not equivalent to the immediate need for legal representation at the initiation of criminal proceedings." *Id.*

"Thus, while the court may accept an affidavit of indigency and appoint legal counsel in order to protect a defendant's Sixth Amendment rights, this fact alone does not decisively show that a defendant is unable to pay the mandatory fine. The trial court must make an affirmative determination for the purposes of 2925.03(H) and (1) [*sic* ], on the record, that the offender is indigent and unable to pay the fine." *Slife, supra.*

We find that the trial court failed to make a determination as to Lefever's indigency in its April 10, 1990 judgment entry, wherein the court withheld ruling on Lefever's indigency status. Because that judgment was not a final, appealable

order, we find that Lefever's December 21, 1992 motion for clarification was properly filed.

■ We further find that the trial court erred in finding Lefever was not indigent for the purpose of paying fines in its March 17, 1993 judgment. The court supported its judgment on the basis that there is no requirement that the fines be paid in lump sum and that they could be paid over a period of time. Therefore, Lefever could pay the fines sometime in the future.

We have previously held that "a trial court may not properly use the mere possibility of an offender's future ability to pay a fine as the basis for determining that the imposition of that fine is not prohibited by R.C. 2925.03(L)." *State v. Deskins* (Apr. 16, 1993), Champaign App. No. 92–CA 23, unreported, 1993 WL 114485. See, also, *State v. Brown* (Feb. 27, 1984), Clark App. No. C.A. 1916, unreported; *State v. Cochran* (Mar. 23, 1982), Clark App. No. 1620, unreported, 1982 WL 3697; *State v. Evans* (Nov. 15, 1982), Clark App. No. 1701, unreported, 1982 WL 3853.

In this case, Lefever filed an affidavit of indigency asserting that he could not pay the fines and that he has no assets of any kind. No evidence controverting these was produced. The record also shows that Lefever was sentenced to no less than five nor more than twenty-five years' incarceration, with five years' actual incarceration. Because Lefever's incarceration will prohibit him from retaining an income-producing job, he will not be in a position to pay the fines for at least five years.

In light of these facts, we find that the trial court erred in finding that Lefever was not indigent with respect to payment of fines, and therefore erred in imposing the mandatory fines. See R.C. 2925.03(L). Moreover, even if Lefever could arguably be found not to be indigent with respect to the payment of fines, his inability to pay the fines due to his incarceration alone would prohibit the court from imposing a mandatory fine. See *Deskins, supra.*

Accordingly, Lefever's assignment of error is sustained.

■ The state asserts in its sole assignment of error that the trial court erred in finding that Lefever was indigent for purposes of applying his bond to his mandatory fine.

The evidence in this case is overwhelming and uncontroverted that Lonnie's father provided the funds to post the $5,000 bond. R.C. 2937.40 specifically states that when cash has been deposited as bail by a person other than the accused, the court shall not apply any of the cash toward the satisfaction of a penalty or fine. Therefore, regardless of whether Lefever was found to be

indigent, the bail money could not be applied toward the payment of a mandatory fine.

Accordingly, the state's assignment of error is overruled.

The judgment of the Champaign County Court of Common Pleas is affirmed in part and reversed in part.

*Judgment accordingly.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.