The STATE of Ohio, Appellee,

v.

GUTIERREZ, Appellant.

[Cite as State v. Gutierrez (1994), 95 Ohio App.3d 414.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005661.

Decided July 13, 1994.

*Gregory A. White,* Lorain County Prosecuting Attorney and *Lisa Milasky,* Assistant Prosecuting Attorney, for appellee.

*Michael Barkus,* for appellant.

Cook, Judge.

Francisco Gutierrez ("Gutierrez") appeals his convictions of drug abuse and possession of drug paraphernalia, arguing that the state produced insufficient evidence to support the convictions. He also asserts that the trial court abused its discretion in imposing the mandatory fines for these offenses. We affirm in part because there was sufficient evidence supporting the convictions. We reverse and remand in part because, given the state of the record, the trial court abused its discretion in imposing the mandatory fines.

On February 28, 1993, Lorain police officers were dispatched to a residence on Camden Avenue for an incident unrelated to this case. As a result, Gutierrez and Maria Aviles ("Aviles") were arrested and placed in the same police car in order to be transported to the station. During the ride to the station, the officers noticed Gutierrez moving about in the backseat. He would raise his hands behind his back, lean back, and raise himself off the seat. One of the officers warned Gutierrez that anything found in the back seat would be attributed to him because the officers had searched the vehicle before Gutierrez was placed in the car. Upon reaching the station, one of the officers searched the back seat and found a vial containing crack cocaine on the side where Gutierrez was sitting.

At trial, the jury convicted Gutierrez of drug abuse and possession of drug paraphernalia. Before Gutierrez was sentenced, his counsel asked the court to place Gutierrez on probation or, in the alternative, to allow Gutierrez to file an affidavit of indigency. The trial court did not grant Gutierrez leave to file an affidavit of indigency and found that he was not indigent for purposes of imposing the mandatory fines. Gutierrez appeals his convictions and the imposition of the mandatory fines, asserting two assignments of error.

## Assignment of Error I

"The evidence adduced at trial was insufficient, as a matter of law, to support a finding beyond a reasonable doubt of the defendant's guilt of drug abuse and possession of drug abuse paraphernalia."

With this assignment of error, Gutierrez contends that the state produced insufficient evidence to support his convictions. When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The following evidence was offered at trial. Pursuant to department policy, Lorain police officers search the back seat of a police car, including the floorboards and under the back seat, before taking a car out on the

road. The officers also search the car each time it is used to transport a person to the police station. On this occasion, both Gutierrez and Aviles were arrested and transported to the police station in the same car. On the way to the station, the two officers in the car noticed Gutierrez "fidgeting" in the back seat and speaking in Spanish to Aviles. Gutierrez, who was handcuffed, raised his hands behind his back, leaned back with his shoulders against the top of the seat, and lifted himself off the seat several times. Aviles did not move. The officers suspected that Gutierrez was attempting to drop something in the car, so they warned him that they had searched the car before he entered and that anything found in the car would be attributed to him. When they reached the station, one of the officers conducted the standard search of the back seat and found a vial containing crack cocaine on the floor. Both officers stated that the vial was found on the side where Gutierrez was sitting. Viewing this evidence in a light most favorable to the prosecution, we find that there was sufficient evidence supporting the convictions.

The first assignment of error is overruled.

### Assignment of Error II

"The trial court abused its discretion, and acted contrary to law, in refusing to grant defendant leave to file an affidavit of indigency before sentencing, and in finding him not to be indigent, and assessing against him the 'mandatory' drug fines, where the record does not support the court's conclusion."

Gutierrez argues that the trial court abused its discretion when it imposed the mandatory fines because the court did not allow Gutierrez to submit an affidavit of indigency and then went on to find that he was not indigent. During the sentencing, Gutierrez's counsel asked that Gutierrez be placed on probation or, in the alternative, that Gutierrez be granted leave to file an affidavit of indigency. R.C. 2925.11, drug abuse, and R.C. 2925.14, drug paraphernalia, contain identical provisions concerning the imposition of a mandatory fine:

"No court shall impose a mandatory fine * * * upon an offender who alleges, in an affidavit filed with the court prior to his sentencing, that he is indigent and is unable to pay any mandatory fine imposed pursuant to that division, *if the court determines the offender is an indigent person and is unable to pay the fine.*" (Emphasis added.) R.C. 2925.11(E)(5) and 2925.14(G)(5).

Even assuming that the trial court erred in not granting Gutierrez leave to file an affidavit of indigency, we find such error was harmless because, according to the foregoing provision, after an affidavit of indigency is filed, the trial court still must determine whether the person is indigent. The filing of an affidavit of indigency does not oblige the judge to enter a finding that a person is indigent. *State v. King* (Apr. 1, 1992), Summit App. No. 15340, unreported, at 3, 1992 WL

67586, construing an identical provision, R.C. 2925.03(L). "[T]he imposition of mandatory fines is limited only by the trial court's determination, upon the offender's affidavit, that he is an indigent person and unable to pay the fine * * *." *State v. Cravens* (1988), 42 Ohio App.3d 69, 73, 536 N.E.2d 686, 690. Although Gutierrez did not file an affidavit of indigency, the trial court considered Gutierrez's indigency claim during sentencing as if an affidavit had been filed.

█ Next, we examine whether the trial court abused its discretion in finding that Gutierrez was not indigent. At the hearing, Gutierrez, through his attorney, told the court that he had held a job paying $8 an hour and that he had to pay unrelated fines and attorney fees. Based on this information, the trial court found that Gutierrez was not indigent. While present employment would ordinarily demonstrate a person's ability to pay a mandatory fine, Gutierrez was sentenced to incarceration; therefore, he would no longer be earning money at his former employment. Under the circumstances of this case, the relevant inquiry is what assets (*i.e.*, real or personal property, employment benefits, inheritances, or other ability to gain assets) did Gutierrez have that would enable him to pay the mandatory fine. Given the state of the record, we find that the trial court did not have sufficient evidence to determine whether Gutierrez was indigent for purposes of the mandatory fine. Thus, the finding was against the manifest weight of the evidence.

The second assignment of error is well taken.

The judgment of the trial court is affirmed as to Gutierrez's conviction and reversed as to the trial court's finding that Gutierrez was not indigent. The case is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment accordingly.*

QUILLIN and DICKINSON, JJ., concur.