The **STATE** of Ohio, Appellee,

v.

**KNOX**, Appellant.

[Cite as *State v. Knox* (1996), 115 Ohio App.3d 313.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69450.

Decided Oct. 21, 1996.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Daniel Schaiu,* Assistant County Prosecuting Attorney, for appellee.

*Tracey K. O'Day,* for appellant.

---

KARPINSKI, Judge.

Defendant-appellant, William Knox, appeals from the judgment of the trial court which imposed a suspended sentence of eighteen months' incarceration, in addition to a fine of $1,500, after defendant pled guilty to one count of drug abuse. On appeal, defendant argues that the trial court erred by (1) failing to inquire whether defendant was indigent before imposing a mandatory fine and (2) threatening to impose jail time as opposed to the monetary fine. These arguments are without merit, and the judgment of the trial court is affirmed. The relevant facts follow.

On July 28, 1994, defendant was charged with drug abuse in violation of R.C. 2925.11 and possession of criminal tools in violation of R.C. 2923.24. On June 28, 1995, defendant withdrew his plea of not guilty and entered a plea of guilty as to the drug abuse charge, a fourth-degree felony. In exchange for this plea, the state dropped the criminal tools charge.

Thereafter, on July 18, 1995, defendant appeared for sentencing. The court correctly noted that the possible sentence for a fourth-degree felony was six to eighteen months with a possible fine of up to $2,500. After discussing the presentence report, which stated that defendant had a job as a security officer, the court imposed a sentence of eighteen months in jail in addition to a mandatory fine of $1,500. The court then suspended the jail time and placed defendant on probation for two years.

After this sentence was enunciated by the court, defense counsel objected to the mandatory fine because defendant was indigent. The court responded that it would not waive the mandatory fine because defendant had a job. The court then gave defendant the choice of going to jail or paying the fine. The following exchange took place:

"THE COURT: I don't care. I'll give him as much time as he needs to pay the fine. I'm not waiving it.

"Can you live with that, William, or would you rather go to the penitentiary? It's real simple.

"THE DEFENDANT: Well, you are saying—

"THE COURT: You'll have two years for starters, and I'll extend it if I have to.

"THE DEFENDANT: How much is the fine?

"THE COURT: $1500.

"MR. LEE: You have to pay it.

"THE DEFENDANT: I'll have to work out some kind of payment.

"THE COURT: Or get another job. You can take care of your job and another one at the same time. I'm not waiving it.

"If you want to avoid all of that, I'll cut you a break, William, and send you to the penitentiary for six months, and then you won't have to pay anything. Do you want to pay the fine or go to the penitentiary.

"THE DEFENDANT: I'll pay the fine.

"THE COURT: I kind of figured you would. Good luck."

The trial court journalized the sentence on July 26, 1995, and defendant timely appealed, raising three assignments of error. The first assignment states as follows:

"I. The trial court erred by failing to inquire into the defendant-appellant's indigent status."

In this assignment defendant argues that the trial court erred by imposing a mandatory fine on defendant without inquiring into defendant's alleged indigent status. This assignment lacks merit. Defendant pled guilty to one count of drug abuse. R.C. 2925.11. R.C. 2925.11(E)(5) precludes the imposition of mandatory fines to defendants who file an affidavit of indigency and are thereafter found to be indigent. The statute states in part as follows:

"No court shall impose a mandatory fine * * * upon an offender who alleges, *in an affidavit filed with the court prior to his sentencing,* that he is indigent and is unable to pay any mandatory fine imposed * * * if the court determines the offender is an indigent person and is unable to pay the fine."[1] (Emphasis added.)

In the case at bar, the trial court did not err by imposing a mandatory fine because (1) the record does not reflect that the necessary affidavit of indigency was filed and (2) the court made a finding, based on his employment, that defendant was not indigent.

---

1. The identical language is found in other drug offense statutes. See R.C. 2925.03(L) (drug trafficking); R.C. 2925.14(G)(5) (possession of drug paraphernalia).

■ First, a determination of indigency for purposes of retaining counsel is separate and distinct from a determination of indigency for purposes of paying a mandatory fine. *State v. Williams* (1995), 105 Ohio App.3d 471, 483, 664 N.E.2d 576, 583; *State v. Lefever* (1993), 91 Ohio App.3d 301, 308, 632 N.E.2d 589, 593–594. In *State v. Powell* (1992), 78 Ohio App.3d 784, 789–790, 605 N.E.2d 1337, 1341, the court gave the following reasons for this distinction:

"The basis for requiring a determination that the defendant is unable to pay a mandatory fine when the trial court previously found the defendant to be indigent for purposes of receiving appointed counsel is simple. Many criminal defendants, even those who have steady income, are not able to raise sufficient funds to pay the retainer fee required by private counsel before counsel will make an initial appearance. This difference is even more evident in cases where the defendant has to utilize his financial resources to raise sufficient bond money in order to be released from jail. In contrast, the payment of a mandatory fine over a period of time is not equivalent to the immediate need for legal representation at the initiation of criminal proceedings."

■ To avoid the imposition of a mandatory fine, moreover, a *separate* affidavit of indigency must be filed *prior* to sentencing. *State v. Pendleton* (1995), 104 Ohio App.3d 785, 788, 663 N.E.2d 395, 396–397; *State v. Reitz* (1991), 74 Ohio App.3d 33, 598 N.E.2d 34.

In the case at bar, defendant pled guilty to one count of drug abuse. The arraignment form indicates that at the initial appearance, defendant was found indigent and counsel was appointed to represent defendant at the trial court. Notwithstanding this initial finding, the record does not indicate that an affidavit of indigency was filed prior to sentencing. The fact that no affidavit of indigency was filed, therefore, is a sufficient reason, alone, to find that the trial court did not err by imposing the mandatory fine.

■ Second, the court did not err in imposing the mandatory fine because the court made a finding that defendant was not indigent. That an affidavit of indigency be filed is only the first requirement to avoid the imposition of a mandatory fine. The trial court must still make a finding in regard to the fine that defendant is indigent. In *State v. Gutierrez* (1994), 95 Ohio App.3d 414, 417, 642 N.E.2d 674, 675–676, the court stated, "The filing of an affidavit of indigency does not oblige the judge to enter a finding that a person is indigent." Ruling that it was an abuse of discretion to find the defendant in that case was not indigent, the *Gutierrez* court explained that, although the defendant had a job, he was being sent to jail where he would not earn any income and, therefore, he would be unable to pay the fine. See, also, *Lefever, supra* (trial court erred in imposing a mandatory fine because defendant's incarceration would prevent him

from being able to pay the fine); *Williams, supra* (trial court erred in imposing a mandatory fine when defendant was unemployed).

The facts of the case at bar contrast with *Gutierrez, Lefever* and *Williams.* Because the trial court suspended the eighteen-month incarceration, the defendant, herein, would continue to be able to work. As stated in *Gutierrez* at 418, 642 N.E.2d at 676, "present employment would ordinarily demonstrate a person's ability to pay." In the case at bar, the presentence report, along with the judge's discussion with defendant about his employment, provided sufficient evidence to support the trial court's finding that defendant was not indigent because his job provided the defendant with the ability to pay the fine over time. The trial court acted quite reasonably, moreover, by giving the defendant as much time as he needed to pay the fine. Defendant's first assignment is overruled.

"II. The trial court erred in revoking suspension of the term of incarceration (merely because counsel raised the issue of defendant's indigency)."

"III. The trial court erred in using a threat of jail time to force defendant to agree to pay fine although defendant maintains he is indigent."

In these two assignments, defendant argues that the trial court abused its discretion when it gave defendant the option of having a mandatory fine with a suspended sentence or going to jail. These assignments lack merit. As stated above, the court initially sentenced defendant to a suspended sentence and imposed a mandatory fine. After defense counsel objected to the fine, the trial court gave defendant the option of paying the fine or going to jail. Faced with this option, defendant stated that he would pay the fine.

A trial court is vested with broad discretion in criminal sentencing. *State v. Polick* (1995), 101 Ohio App.3d 428, 655 N.E.2d 820. In the case at bar, the trial court acted within its discretion in giving the defendant a choice of jail time or a fine. Defendant does not challenge the court's finding that he was not indigent for purposes of a mandatory fine. Just as the mere claim of indigency does not necessitate removing a mandatory fine, neither does the mere claim prohibit increasing jail time as an alternative to paying a mandatory fine. Under these circumstances, the judge did not abuse his discretion. Accordingly, the second and third assignments are overruled.

*Judgment affirmed.*

HARPER, P.J., and O'DONNELL, J., concur.