OPINION
{¶ 1} Kent Taylor appeals from his conviction in the Greene County Common Pleas Court of two counts of possession of cocaine and two counts of possession of criminal tools. Taylor's appellate counsel could find no arguable *Page 2 
issues for appeal. Anders v. California (1967), 386 U.S. 1.
 {¶ 2} In three separate assignments of error, Taylor alleges his trial counsel provided him ineffective assistance of counsel. In his first two assignments, Taylor contends his trial counsel was constitutionally ineffective in not moving to suppress evidence obtained after his vehicle was stopped by Montgomery County sheriffs. He asserts the deputies recovered white pills from his right pocket and a digital scale from inside his vehicle. Taylor argues that the search warrant issued by Judge Mary Katherine Huffman authorized a search of his person at his residence, but not at the location where he was stopped by sheriff's deputies. The State argues that Taylor's arguments depend on information outside the appellate record of this case. We agree. The first assignment of error is overruled.
 {¶ 3} In his second assignment of error, Taylor contends his trial counsel was ineffective in not moving to suppress evidence recovered after a search of his residence pursuant to a search warrant. Taylor contends that discovery material provided by the State demonstrated that the affiant, Detective Miller, provided misleading information to Judge Huffman who issued the search warrant in this matter. (See appellant's brief at page 13). Taylor fails, however, to explain what information in Miller's affidavit was misleading.
 {¶ 4} On June 19, 2008, Taylor moved this court for leave to supplement the record of this appeal to include the discovery provided him by the State, including the search warrant issued by Judge Huffman of the Montgomery County Common Pleas Court. The State objected on the basis that pursuant to App. R. 9(A), the appellate record is comprised of only the original papers and exhibits filed in the trial court and any transcripts of any video recordings. On July 25, 2008, this court *Page 3 
overruled Taylor's motion, but reserved the right to reconsider the motion after briefing was completed. Upon reconsideration, we agree with the State that Taylor's motion to supplement the record should be overruled. A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. State v. Ishmail (1978),54 Ohio St.2d 402. The appellant's second assignment of error is likewise overruled.
 {¶ 5} In his last assignment, Taylor argues that his trial counsel was ineffective in failing to request that the trial court waive the imposition of costs on him since he was indigent. He notes that court costs may be waived in the discretion of the court if the court determines that the defendant is indigent. State v. White,103 Ohio St.3d 580, 2004-Ohio-5989. The defendant must make his motion at the time of sentencing. State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905. The State for its part argues that this court has long recognized that there is a difference between a finding of indigency for purposes of receiving appointed counsel and indigency for purposes of requesting a waiver of court costs. See State v. Lefever, (1993), 91 Ohio App.3d 301. In short, the State argues that Taylor has failed to show that he was prejudiced by his counsel's failure to request that court costs be waived because there was nothing in the record to suggest it was probable the court would have granted counsel's request. Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 6} It is noteworthy that since Taylor entered a negotiated plea to the charges, no trial was conducted, and costs were not substantial. We agree with the State that Taylor failed to demonstrate that his counsel was ineffective in not *Page 4 
requesting the waiver of costs. The third assignment of error is overruled.
 {¶ 7} The judgment of the trial court is affirmed.
WOLFF, P.J., and DONOVAN, J., concur.
Copies mailed to:
Stephen K. Haller Stephanie R. Hayden Christopher A. Deal Kent Taylor Hon. J. Timothy Campbell *Page 1