JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, James C. Zingale, appeals the trial court's denial of his motion to suppress. For the reasons set forth below, we affirm.
 {¶ 2} The record before us demonstrates that on May 9, 2004, appellant was issued citations by the Lakewood police for operating a motor vehicle under the influence of alcohol or drugs and driving while under suspension. On August 20, 2004, appellant filed a motion to suppress. On November 15, 2004, appellant was also charged with physical control.
 {¶ 3} On February 4, 2005, a hearing was held on appellant's motion to suppress, at the conclusion of which, the motion was denied. On April 28, 2005, appellant pled no contest to physical control and driving while under suspension. The operating a motor vehicle under the influence of alcohol or drugs charge was nolled.
 {¶ 4} The testimony at the suppression hearing established that on May 9, 2004, the Lakewood police responded to the Sloane Pub as a result of a call from an unidentified male who reported that a male had been operating an older model gold vehicle in circles in the bar's parking lot.[1] Dispatch informed the police that the male appeared to be intoxicated, had pulled into a parking space, and appeared to be passed out over the steering wheel. *Page 4 
 {¶ 5} Upon arrival, the police observed a gold 1987 Chevrolet Caprice with appellant lying across the driver's seat into the passenger's seat holding the keys to the vehicle in his right hand. The police attempted to get appellant's attention by knocking on the window of the vehicle, but he did not respond. One of the officers opened the door to the vehicle to check on appellant and immediately smelled the odor of alcoholic beverage. The officer unsuccessfully attempted to wake appellant and, hence, called for a rescue squad. Appellant awoke prior to the arrival of the rescue squad, however.
 {¶ 6} The police requested that appellant step out of the vehicle, which he did. Upon exiting, appellant was unsteady on his feet, had half-closed glassy eyes, and a strong odor of alcoholic beverage coming from his person. Appellant volunteered to the officers that he had been drinking all day. The officers asked appellant to recite the alphabet, and he responded by missing several letters and was not able to completely recite it. Appellant was also asked to perform standard field sobriety tests, which he refused. The officers then arrested him for operating a motor vehicle under the influence of alcohol.
 {¶ 7} Appellant's four assignments of error all relate to the trial court's denial of his motion to supress. In State v. Curry (1994),95 Ohio App.3d 93, 96, *Page 5 641 N.E.2d 1172, this court stated the following regarding review of a denial of a motion to suppress:
 {¶ 8} "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973),34 Ohio St.2d 250, 63 Ohio Op.2d 391, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906."
 {¶ 9} Appellant's first assignment of error states:
 {¶ 10} "The trial court erred in finding that the police officer had probable cause to believe that the defendant was operating a motor vehicle while under the influence of alcohol (O.R.C. 4511.19) or that the defendant was in physical control of a motor vehicle while under the influence of alcohol (O.R.C. 4511.19)."
 {¶ 11} Appellant was arrested for operating a vehicle under the influence of alcohol pursuant to R.C. 4511.19(A)(1)(a), which states in part, "[n]o person shall operate any vehicle * * * if, at the time of operation, * * * the person is under the influence of alcohol * * *." Appellant was subsequently also charged with physical control, which is defined by R.C. 4511.194 as "being in the driver's position of the *Page 6 
front seat of a vehicle * * * and having possession of the vehicle's * * * ignition key or other ignition device."
 {¶ 12} The police have probable cause to arrest an individual "if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." Dixon v. Maxwell (1964),177 Ohio St. 20, 21, 201 N.E.2d 592, citing Henry v. United States
(1959), 361 U.S. 98, 102, 80 S. Ct. 168, 4 L. Ed. 2d 134.
 {¶ 13} As to probable cause for arrest in a DUI case, the court inState v. Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952, stated the following standard:
 {¶ 14} "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L. Ed. 2d 142, 145;State v. Timson (1974), 38 Ohio St.2d 122, 127, 67 Ohio Op. 2d 140, 143,311 N.E.2d 16, 20. In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. SeeState v. Miller (1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703, 710;State v. Brandenburg (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906, 908." *Page 7 
 {¶ 15} Appellant argues that his arrest was not supported by probable cause because his vehicle was legally parked, with the motor turned off and the keys not in the ignition. We disagree.
 {¶ 16} Both operation and physical control are terms which have been broadly construed in keeping with the purpose of state and municipal driving under the influence laws, that is, the protection of the public from drivers who have consumed so much alcohol that their faculties are impaired. State v. Grimsley (1982), 3 Ohio App.3d 265, 444 N.E.2d 1071. Thus, in construing R.C. 4511.19(A)(1), the Supreme Court of Ohio has stated:
 {¶ 17} "The prohibition contained in the statute is against `operating' a vehicle while under the influence, not merely `driving' it. The term `operating' encompasses a broader category of activities involving motor vehicles than does `driving.' Many jurisdictions have found that a person may operate a vehicle even though the vehicle is not moving. Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1)." (Footnote omitted.) State v.Cleary (1986), 22 Ohio St.3d 198, 199, 490 N.E.2d 574.
 {¶ 18} The Court elaborated in State v. Gill, 70 Ohio St.3d 150,1994-Ohio-403, 637 N.E.2d 897, stating: *Page 8 
 {¶ 19} "Our holdings in Cleary [, supra,] and [State v.] McGlone
[(1991), 59 Ohio St.3d 122, 570 N.E.2d 1115,] were never intended to require the state to prove that the defendant had started the vehicle's engine after consuming alcohol or that the engine was running at the time the defendant is apprehended. A clear purpose of R.C. 4511.19 is to discourage persons from putting themselves in the position in which they can potentially cause the movement of a motor vehicle while intoxicated or under the influence of any drug of abuse. Accord Cleary andMcGlone, supra. Prohibition of potentially harmful conduct need not await occurrence of the act."
 {¶ 20} Similarly, this court held in Broadview Heights v. Soukup (Mar. 10, 1994), Cuyahoga App. No. 64918, that "a defendant's possession of the ignition key is sufficient to indicate `potential movement of the vehicle.' Indeed, the ignition key of his vehicle need only be in close proximity to a defendant to constitute sufficient evidence defendant was operating his vehicle within the meaning of state DUI laws."
 {¶ 21} In this case, the police responded to a report of a male driving a vehicle in circles in the parking lot of the Sloane Pub. The car was described as a late model gold car. The report further indicated that the male appeared to be intoxicated, had pulled into a parking space and appeared to have passed out. When the police arrived at the scene, they saw a gold 1987 Chevrolet Caprice with appellant lying across the driver's seat with the ignition keys in his hand. One of the officers attempted, unsuccessfully, to get appellant's attention by knocking on the *Page 9 
window. Getting no response, another officer opened the car door and immediately smelled the odor of alcoholic beverage coming from the vehicle.
 {¶ 22} When appellant did awake and was asked to step out of the vehicle, he was unsteady on his feet, had half-closed glassy eyes, and a strong odor of alcoholic beverage coming from his person. He was unable to accurately and completely recite the alphabet, and refused to perform standard field sobriety tests.
 {¶ 23} Given these facts, the police had probable cause to arrest appellant on the scene. Further, based on the previously mentioned analysis, probable cause is not vitiated by the fact that appellant was legally parked, with the motor turned off, and the keys not in the ignition.
 {¶ 24} Accordingly, appellant's first assignment of error is overruled.
 {¶ 25} For his second assignment of error, appellant states:
 {¶ 26} "The trial court erred in finding that the police officer had an articulable suspicion to investigate the defendant for a violation of O.R.C. 4511.19 (DWUI or O.R.C. 4511.19 (physical control)."
 {¶ 27} In this assignment of error, appellant cites North Olmsted v.Gabel (Sept. 2, 1993), Cuyahoga App. No. 63736, in support of his argument the police intrusion in this case was not justified. InGabel, a resident called the police to report a "suspicious truck" in his neighborhood. The resident provided the police with a description and license number for the vehicle. The responding officer saw the truck traveling on a street, then stop at a stop sign. The vehicle was not being operated *Page 10 
erratically and it did not appear that the driver was engaging in any criminal activity. The responding officer stopped the vehicle, however, and detected the odor of alcohol. After asking Gabel, the driver, to perform a field sobriety test, the officer arrested him for driving under the influence of alcohol and/or drugs. The trial court granted Gabel's motion to suppress, citing the fact that the officer's stop was based solely on a report of a "suspicious vehicle." On appeal, this court affirmed the trial court, noting that, although an informant's tip which is sufficiently corroborated may furnish reasonable suspicion to justify an investigatory stop, the record in that case provided no basis, apart from the report of a "suspicious truck," to justify the stop.
 {¶ 28} This case, however, is distinguishable from Gabel. First, the police in this case did not "stop" appellant. Rather, when the police arrived at the parking lot, they observed a vehicle similar to the description given by dispatch. Upon approaching the vehicle, they observed appellant lying across the driver's seat and holding the keys to his vehicle in his right hand. They attempted several times to wake him, without success. As such, the police opened the car door to check on appellant's well-being.
 {¶ 29} In a similar case, State v. Strutz (Apr. 24, 1995), Coshocton App. No. 94 CA 12, the Fifth Appellate District held that no "stop" occurred when the police approached the defendant, who was asleep in his car, and woke him up. Specifically, the court held: *Page 11 
 {¶ 30} "We find appellant's argument that a full-blown traffic stop was effected herein to be less than persuasive. As stated by the trial court, `* * * an officer does not have to have reasonable suspicion or even probable cause to simply approach a citizen and question him or observe what is plainly made observable to the public by the defendant's own actions, i.e., he was stopped.' In the case sub judice, it was appellant's inactivity creating suspicion of injury which gave the investigating officer reasonable cause to approach the vehicle under the exigent circumstances." (Internal citation omitted.)
 {¶ 31} In this case, the police found appellant lying across the driver's seat with the keys to the vehicle in his hand. When the police attempted to wake him by knocking on his window, he did not respond. Consequently, the police opened the door to wake him. As inSturtz, this was not a full-blown traffic stop, requiring reasonable suspicion or probable cause.
 {¶ 32} Moreover, even if it were a "stop," it was reasonable. We are not persuaded by appellant's argument that the "stop" was unreasonable because the caller who made the report did not identify himself or provide the license plate number of appellant's vehicle. As previously mentioned, when an informant's tip is sufficiently corroborated, the tip may furnish reasonable suspicion to justify an investigatory stop.Adams v. Williams (1972), 407 U.S. 143, 147, 92 S.Ct. 1921,32 L.Ed.2d 612; Alabama v. White (1990), 496 U.S. 325, 110 S.Ct. 2412,110 L.Ed.2d 301. *Page 12 
 {¶ 33} In this case, the police responded to a report of a male driving in circles in the parking lot of the Sloane Pub. The vehicle was described as a late model gold car. The dispatchers further informed the police that the male appeared to be intoxicated, had pulled into a parking space, and appeared to be passed out over the steering wheel. Upon arrival, the police observed a gold 1987 Chevrolet Caprice with appellant lying across the driver's seat into the passenger's seat holding the keys to the vehicle in his right hand. Given these facts, the police had reasonable suspicion that a crime had been committed or was being committed, and appellant's second assignment of error is overruled.
 {¶ 34} For his third assignment of error, appellant states:
 {¶ 35} "The ruling of the trial court was against the manifest weight of the evidence and contrary to law, and the trial court erred in overruling defendant's motion to suppress."
 {¶ 36} In this assignment of error, appellant takes issue with the trial court's finding that the police had a reasonable basis to pursue the investigation of why appellant was slumped in the car regardless of what brought them to the scene in the first place.
 {¶ 37} Appellant, in particular, argues that he was not slumped over the steering wheel, as the trial court found. We find the distinction of whether appellant was slumped over the steering wheel or the seat of the car immaterial in this case. For the reasons already discussed, when the police saw appellant in the car they *Page 13 
had the right to conduct an investigation. Further, we note that although the trial court stated at the hearing that it did not matter what brought the police to the scene, the court's entry does not contain that finding. The court speaks through its journal entries. Kaine v.Marion Prison Warden, 88 Ohio St.3d 454, 455, 2000-Ohio-381,727 N.E.2d 907. That notwithstanding, the investigation was commenced based on a call to police that a driver appeared to have passed out in the car. As such, appellant's third assignment of error is overruled.
 {¶ 38} Appellant's fourth and final assignment of error provides:
 {¶ 39} "The trial court erred in not granting defendant's motion to suppress evidence relating to the charge of driving under suspension (O.R.C. 4510.21)."
 {¶ 40} In this assignment of error, appellant argues that the evidence leading to the driving under suspension charge came about as the result of the "initial illegal intrusion" and, therefore, should have been suppressed as fruit of the poisonous tree. For the reasons already discussed, there was nothing illegal about the police encounter with appellant and, hence, the evidence which led to the driving under suspension charge was not fruit of the poisonous tree.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's *Page 14 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] Appellant argues in his brief that dispatch described the car as a late-seventies gold Dodge Diplomat. The officer who testified at the hearing stated, however, that the description of the vehicle he received was of an older gold vehicle, and that he did not recall it being specifically identified as a Dodge Diplomat. *Page 1