[Cite as *State v. Bailey*, 2012-Ohio-3955.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97754**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RANDY F. BAILEY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548179

**BEFORE:** Jones, J., Blackmon, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Carl Sullivan
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant Randy Bailey appeals his conviction for improperly discharging into a habitation. We affirm.

**{¶2}** In 2011, Bailey was charged with one count of improperly discharging at or into habitation. The matter proceeded to a jury trial, at which the following pertinent evidence was presented.

**{¶3}** Joyce Trotter testified that she was dating Bailey and they lived on different floors of the same apartment building. Bailey lived on the first floor and Trotter lived on the second floor. One night they got into an argument over a bottle of liquor that Trotter was holding for Bailey and his friend; Trotter ended up giving the bottle of alcohol to Bailey. Later that evening, Trotter went to Bailey's apartment and the couple again began to argue. According to Trotter, Bailey got a gun from underneath his mattress, but quickly put it back at the urging of other people in the apartment. Trotter then left, she said, to get cigarettes out of her apartment.

**{¶4}** When Trotter returned to Bailey's apartment a short time later, she sat down to watch television. Suddenly, someone yelled that Bailey had a gun and told her to run. Trotter ran out of Bailey's apartment and up the stairs towards her apartment; she saw Bailey run after her with a gun in his hands. She had just gotten inside her apartment when she heard a gunshot. The bullet hit her front door, which was made of steel; the bullet put a dent in the door. Trotter called 911.

{¶5} Candy Hicks testified that she and her boyfriend, Eddie Saunders, were at Bailey's apartment the night of the shooting. She saw Trotter and Bailey arguing. She saw Bailey pull "something" out from underneath his mattress and "storm" out of the apartment with a gun in his hand. A moment later, Hicks heard three gunshots. Saunders's testimony was essentially the same as Hicks's testimony in that he testified he was with Hicks at Bailey's apartment, witnessed Bailey and Trotter arguing, saw Bailey leave the apartment with a gun, and heard three gunshots.

{¶6} Trotter, Hicks, and Saunders testified that they, and Bailey, had been drinking alcohol that evening.

{¶7} Cuyahoga Metropolitan Housing Authority ("CMHA") police officer Eric Williams testified that both CMHA police and Cleveland Police responded to the apartment building for a call of shots fired. When Patrolman Williams arrived at the apartment complex he could hear yelling and shouting. He interviewed Trotter and observed her to be very upset and intoxicated. Trotter told Patrolman Williams that Bailey had shot at her door. The police arrested Bailey and noted that he too was intoxicated. The officers recovered a spent round from in front of Trotter's door and took photographs of the dent in the door. The police searched Bailey's apartment after Bailey consented to a search but did not recover any weapons.

{¶8} The jury convicted Bailey of the sole count in the indictment and the trial court sentenced him to three years in prison. It is from this conviction that Bailey now appeals, raising the following assignment of error, as quoted:

I. The trial court erred by entering a conviction for improperly discharging a firearm at or into a habitation, which was against the manifest weight of the evidence.

{¶9} In reviewing a challenge to the manifest weight of the evidence, the Ohio Supreme Court has held that

> [t]he question to be answered is whether there is substantial evidence upon which [the trier-of-fact] could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the [triers-of-fact] clearly lost [their] way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

(Internal quotes and citations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, citing *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). To determine whether a case is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. *Thompkins* at *id*., citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). An appellate court should reverse the conviction and order a new trial only if it concludes

that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice. *Thompkins* at *id.*

{¶10} Bailey argues that his conviction was against the weight of the evidence because the state's witnesses were unreliable, uncertain, self-contradicting, and intoxicated on the night of the shooting. He further claims that the jury lost its way in convicting him because the police failed to perform a gunshot residue test on him and never recovered the gun.

{¶11} It is well-settled that the weight of the evidence and resolution of issues of credibility are matters primarily for the fact-finder to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. In reviewing this case under the weight-of-the-evidence standard, we find the following approach taken by the Third Appellate District particularly fitting:

> The word "primarily" could imply that in some instances the issue of credibility may become an issue for redetermination upon review. However, such instances would be quite rare. The demeanor of witnesses, the manner of their responses, and many other factors observable by a jury * * * simply are not available to an appellate court on review. While there may exist isolated rare cases in which the testimony of a witness is so garbled and internally contradictory, or so opposed to established scientific fact, as to warrant a reviewing court to exclude it from consideration in determining an issue of manifest weight, such an instance is not here

presented. There is some contradiction, there is some impeachment, but there is no exceptional situation presented. Here the situation was fully capable of resolution by a jury which had heard the testimony given and observed the witness giving it. We conclude that no exception is here involved and the general rule must prevail. The credibility of the witnesses was here a matter solely and properly for determination by the jury. It by its verdict assigned full credibility to the testimony presented by the witnesses for the state. Having done so this court assigns such credibility and having done so, and having reviewed carefully the transcript of evidence, finds that the verdict was not against the weight of the evidence.

*State v. Bierbaum*, 3d Dist. No. 13-88-18, 1990 Ohio App. LEXIS 1204,*4 - *5 (Mar. 14, 1990).

**{¶12}** In this case, although the eyewitnesses admitted to being intoxicated and there were some inconsistencies in their testimonies, we do not find that the inconsistencies rise to the level wherein the evidence weighs heavily against conviction. Hicks and Saunders both testified that Trotter and Bailey were arguing, Bailey got a gun and ran after Trotter, and then they heard gunshots. Trotter testified that she saw Bailey run after her with a gun and as soon as she shut her apartment door, she heard a gunshot. Patrolman Williams testified that the police observed a dent in Trotter's apartment door and recovered a spent bullet from the scene.

**{¶13}** In light of the above, the sole assignment of error is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.    Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY J. BOYLE, J., CONCUR