[Cite as *State v. Melton*, 2016-Ohio-1227.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103341**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHRISTOPHER MELTON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574120-A

**BEFORE:** S. Gallagher, J., Keough, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 24, 2016

**ATTORNEY FOR APPELLANT**

Jennifer McTernan
11510 Buckeye Road
Cleveland, Ohio    44104


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Aleksandra Chojnacki
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Christopher Melton appeals from his conviction on three counts of abduction, one count of intimidation, and one count of misdemeanor assault. Upon review, we affirm.

{¶2} In May 2013, the four victims were drinking and playing cards at another's apartment. There were two men, one of which stayed out of the events and is not considered a victim, and three women. Three members of the group, the two men and one of the females, described themselves as being intoxicated or having consumed a significant amount of alcohol. The other two women testified to only drinking a couple of alcoholic drinks. At some point in the evening, one member of the group went to his car to retrieve something. He then decided to move the car, but backed into Christopher Melton's car in the process. Melton and at least three associates happened to be nearby during the accident. The situation immediately spiraled out of control. Melton and the group pulled the driver from the car and started beating him. Two other victims stepped outside of the apartment and saw the beating. They retreated to the apartment with Melton and company in pursuit.

{¶3} Melton and his group then gained entry into the apartment and kept the three female victims separated from the male victim, who at this point had been returned to the apartment from the parking lot. While in the apartment, Melton slammed the head of one of the victims into the wall while she was being held captive in the bathroom. That assault was the basis of the misdemeanor assault charge. All the victims testified to

being in fear and were unable to freely move about or exit the apartment. All four victims and the fifth occupant of the apartment described Melton as being active in the hostilities and home invasion. Melton was the biggest man of the attacking group and easily identified. Police officers responded, found Melton standing over the supine and bloody victim in the apartment, and heard Melton ranting about getting his car fixed. Melton's accomplices fled, and Melton was arrested.

{¶4} After a bench trial, Melton was found guilty and sentenced to serve a one-year aggregate term in prison, with credit for 119 days already served. Melton was convicted of three counts of abduction, felonies of the third degree; one count of misdemeanor assault; and one count for intimidation, a felony of the third degree. Melton's timely appeal advances a single claim that the three abduction and one assault convictions were against the manifest weight of the evidence. We find no merit to the sole assigned error.

{¶5} When reviewing a claim challenging the manifest weight of the evidence, the court reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for

only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶6} In order to prove the crime of abduction, the state was required to present evidence that the defendant or his accomplices did, "without privilege to do so, * * * knowingly * * *[,] [b]y force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear." R.C. 2905.02(A)(2). Misdemeanor assault is defined as "No person shall knowingly cause or attempt to cause physical harm to another." R.C. 2903.13(A). The state proceeded on a theory of accomplice liability because Melton was part of a group and not necessarily personally involved with each and every act of the mob. In this case, the state offered evidence that Melton and the group he was with beat one of the victims in the parking lot, invaded the apartment, prevented three of the occupants from leaving, and placed the victims in fear of bodily harm.

{¶7} Melton claims that the witnesses were incredible because of the fact that each admitted to drinking alcohol during the evening. Even if all the witnesses admitted to being intoxicated, for the purposes of our manifest weight of the evidence review, a witness's intoxication in and of itself is not a sufficient basis to completely undermine his or her testimony absent something in the record demonstrating that the intoxication rendered the witness incapable of accurately recalling the events. *State v. Carlisle*, 4th Dist. Lawrence No. 97 CA 13, 1997 Ohio App. LEXIS 4486, *12 (Sept. 29, 1997). Intoxication bears upon the witnesses' credibility, but the weight of the testimony must

still be considered by the trier of fact with the ability to view and hear firsthand the witnesses' testimony. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Thus, while intoxication is a factor informing the credibility determination, it does not render the witness's testimony per se incredible. *State v. Shipley*, 10th Dist. Franklin No. 05AP-385, 2006-Ohio-950, ¶ 9; *see also State v. Sims*, 7th Dist. Mahoning No. 14 MA 27, 2015-Ohio-5454, ¶ 20-23.

{¶8} More important, in this case only three of the witnesses described themselves as being intoxicated at the time of the home invasion. Of the three female victims, only one testified to being intoxicated. The other two testified to consuming a couple of alcoholic drinks, and none of the responding police officers testified to the victims showing objective signs of inebriation. The ability of the witness to accurately recall the events is a factor in the credibility determination, but in this case, the simple fact is that the record does not support an inference that two of the female victims were intoxicated during the home invasion. Instead, Melton attacks their credibility because their testimony conflicted with the "intoxicated" trio's testimony.

{¶9} Melton's illogical argument is one that inherently contradicts itself. On one hand, he argues that the three self-proclaimed intoxicated witnesses should be considered incredible because of their varying levels of inebriation. On the other, Melton argues the intoxicated witnesses' testimony should be deemed credible for the purposes of discrediting the more sober members of the group. Although a trier of fact need not accept the entirety of a witness's testimony, a trier of fact cannot deem the incredible

portion of a witness's testimony as the truth for the purposes of discrediting another witness.

{¶10} Even with the minor discrepancies between the witnesses' testimony — the discrepancies occurring between the intoxicated and sober witnesses' testimony — all the victims remember the apartment being invaded by Melton and several others. As this court has recognized, even under a manifest weight challenge, "the weight of the evidence and resolution of issues of credibility are matters primarily for the fact-finder to assess." *State v. Bailey*, 8th Dist. Cuyahoga No. 97754, 2012-Ohio-3955, ¶ 11, citing *DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Although appellate courts are tasked with sitting as a "thirteenth" juror, "the demeanor of witnesses, the manner of their responses, and many other factors observable by [a trier of fact] * * * simply are not available to an appellate court on review." *Id.* at ¶ 12. It is for this reason that reversing a conviction as being against the manifest weight of the evidence is only reserved for instances in which a miscarriage of justice would result. In *Bailey*, this court found that although the eyewitnesses admitted to being intoxicated and there were some inconsistencies in their testimonies, those inconsistencies did not rise to the level wherein the evidence weighed heavily against conviction. *Id.*

{¶11} We do not find that the minor inconsistencies between the victims' memories of an event that transpired over two years before the trial or the fact that some may have been intoxicated rise to the level of creating a manifest miscarriage of justice in this case. The testimony of the victims largely corroborated each other's version of

events.  Melton and his group of people attacked one victim in the parking lot, followed the others into the apartment, and kept the three female victims from the beaten victim. One female victim was locked in the bedroom by an unknown male wearing all black. Melton himself kept the other two females in the bathroom where they had attempted to hide.  Melton forced his way into the bathroom and assaulted one of the women before they escaped to the hallway.  All the while, the victims were in fear of being harmed by Melton and his group's belligerent behavior.  When police officers arrived, they found Melton standing over a supine and bleeding victim, ranting about getting his car fixed.

**{¶12}** And finally, for the purpose of accomplice liability under R.C. 2923.03, it is reasonable to infer from the sequence of events that Melton was acting in concert with the others in his group.  Melton was at least present during — although, according to the witnesses, Melton also participated in — the beating that took place in the parking lot. Melton, with firsthand knowledge of the mob's behavior, then joined in the home invasion that followed.  The trier of fact was free to infer that Melton was not an innocent bystander simply trying to gather insurance information following a minor car accident.

**{¶13}**  Melton's conviction for abduction of the three victims and misdemeanor assault is not against the manifest weight of the evidence.  His conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.        The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR