[Cite as *Cleveland v. Fields*, 2016-Ohio-7398.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103873**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## DAVID FIELDS

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2015-TRC-028433

**BEFORE:** Laster Mays, J., Keough, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 20, 2016

-i-

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law

By:   Karyn J. Lynn
Assistant City Prosecutor
City of Cleveland - Law Department
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, David Fields ("Fields"), appeals his guilty verdict and sentence, and asks this court to reverse his conviction and remand the matter to the trial court for a new trial on the merits.   After a review of the record, we affirm.

{¶2} Fields was charged with operating a vehicle while intoxicated ("OVI"), in violation of Cleveland Codified Ordinance 433.01 and driving without a valid license, in violation of Cleveland Codified Ordinance 435.01.   After a bench trial, Fields was found guilty of OVI, and sentenced to 180 days in jail, which was suspended, and was placed on two years of probation.   The driver's license charge was disposed of after a Crim.R. 29 motion was granted.

I.    Facts

{¶3} On July 14, 2015, Officer Troy White ("Officer White") and his partner, Officer Theo France ("Officer France"), both with the Cleveland Police Department, were called to assist other officers who were investigating an incident at Dollar General. Once they arrived, Officers White and France conferred with the others officers and were requested to investigate Fields because he had parked his vehicle in a "weird way."   The vehicle was in an area that did not contain parking space lines, even though Dollar General has a parking lot.   Officers White and France approached Fields to speak with him regarding what the other officers had observed.   Upon speaking with Fields, Officer White detected the smell of alcohol on Fields's breath, observed Fields staggering gait,

and slurred speech, and determined that Fields was under the influence of alcohol. Fields stated to the officers that he drove and parked the car. Officers White and France then attempted to administer field sobriety tests, which Fields refused.

{¶4} As a result of the refusal, Officer White asked permission from his sergeant to transport Fields to the Ohio State Highway Patrol post for further testing. Officer White testified that Fields was uncooperative, highly intoxicated, and yelling at officers. Once they arrived at the patrol post, Trooper Sean Klind ("Trooper Klind") requested that Fields submit to chemical testing. Fields refused a breathalyzer test. Trooper Klind testified that he could smell alcohol on Fields's breath and that Fields was uncooperative with officers. As a result of the refusal, Trooper Klind read the Bureau of Motor Vehicle Form 2255 to Fields.

{¶5} Fields was arrested and charged with OVI, in violation of Cleveland Codified Ordinance 433.01 and driving without a valid license, in violation of Cleveland Codified Ordinance 435.01. After a bench trial, Fields was found guilty of OVI. The driving without a valid license charge was dismissed through a Crim.R. 29 determination. Fields filed a timely appeal. Fields assigns three assignments of error for our review:

> I. Appellant was denied effective assistant of counsel as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to challenge the stop, detention, and arrest by not filing a motion to suppress.
>
> II. The state failed to present sufficient evidence that appellant committed this crime.
>
> III. Appellant's conviction is against the manifest weight of the evidence.

## II. Ineffective Assistance of Counsel

### A. Standard of Review

**{¶6}** "Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." (Citations omitted.) *State v. Jones*, 8th Dist. Cuyahoga No. 102260, 2016-Ohio-688, ¶ 14.

> Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998). *Id*.

**{¶7}** "To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *Id*. at ¶ 15.

**{¶8}** "In evaluating a claim of ineffective assistance of counsel, a court must give great deference to counsel's performance. A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citations omitted.) *Id*. at ¶ 16.

### B. Law and Analysis

**{¶9}** In Fields's first assignment of error, he argues that he was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and

the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to challenge the stop, detention, and arrest by not filing a motion to suppress.

> Failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. Rather, the failure to file a motion to suppress constitutes ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made. Even if some evidence in the record supports a motion to suppress, counsel is still considered effective if counsel could reasonably have decided that filing a motion to suppress would have been a futile act. *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 28.

*State v. Sanchez*, 8th Dist. Cuyahoga No. 103078, 2016-Ohio-3167, ¶ 22.

**{¶10}** Fields argues that the officers did not have probable cause to stop him because he was not parked illegally. Officer White testified that Fields was approached by officers because it seemed to them that he was not parked in an identifiable parking space. Upon approach, they observed behavior that led them to determine that Fields was under the influence of alcohol.

> In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court first held the Fourth Amendment to the United States Constitution is not offended when a police officer, based upon his reasonable suspicion that criminal activity is or may be occurring, stops a suspect for questioning. Such conduct, termed an investigatory stop, does not violate the Ohio Constitution even though a police officer lacks probable cause to arrest the suspect. *(Citation omitted.)*

*State v. Medlar*, 93 Ohio App.3d 483, 486, 638 N.E.2d 1105 (8th Dist.1994).

A police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In assessing that conclusion, the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. * * * Courts have concluded that an objective and particularized suspicion that criminal activity was afoot must be based on the entire picture — a totality of the surrounding circumstances. (Emphasis added.)

*Id.* at 487.

{¶11} Officers White and France approached Fields to conduct an investigatory stop after being briefed by officers already at the scene. Upon approaching Fields, Officer White testified that he smelled the odor of alcohol. Officer White noticed Fields had slurred speech and a staggering gait. Taken together with rational inference, Officer White concluded that Fields was intoxicated. Upon discovering that Fields drove the vehicle while intoxicated, Officer White had probable cause to arrest.

{¶12} Fields failed to show how a motion to suppress the stop, detention, and arrest would have been successful if made. The police officers had probable cause to stop, detain, and arrest Fields. Therefore, Fields's first assignment of error is overruled.

## II.   Sufficiency of Evidence

### A.   Standard of Review

{¶13} '''[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio

St.3d 380, 386, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary*, 1433 (6th Ed.1990). When an appellate court reviews a record upon a sufficiency challenge,

> The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

### B. Law and Analysis

{¶14} In Fields's second assignment of error, he contends that the state failed to present sufficient evidence that appellant committed the OVI offense. Specifically, Fields argues that the arresting officers did not observe him operating a vehicle so there was not sufficient evidence that he operated a vehicle under the influence. However, at trial Fields testified that he did drive and park the vehicle.

> Both operation and physical control are terms which have been broadly construed in keeping with the purpose of state and municipal driving under the influence laws, that is, the protection of the public from drivers who have consumed so much alcohol that their faculties are impaired.

*Lakewood v. Zingale*, 8th Dist. Cuyahoga No. 88498, 2007-Ohio-2779, ¶ 16.

{¶15} Thus, the Supreme Court of Ohio has determined that,

> The prohibition contained in the statute is against operating a vehicle while under the influence, not merely driving it. The term operating encompasses a broader category of activities involving motor vehicles than does driving. Many jurisdictions have found that a person may operate a vehicle even though the vehicle is not moving. (Footnote omitted.) *State v. Cleary*, 22 Ohio St.3d 198, 199, 490 N.E.2d 574 (1986).

*Id*. at ¶ 17.

**{¶16}** Therefore, Officers White and France did not have to see Fields operating the vehicle to determine that he operated the vehicle. Fields admitted to driving the vehicle and the officers observed Fields's behavior and determined that Fields was under the influence of alcohol. Fields refused testing, and upon the observance and expertise of the officers was arrested. Therefore, the evidence was sufficient to convict Fields, and his second assignment of error is overruled.

## IV. Manifest Weight of the Evidence

### A. Standard of Review

**{¶17}** "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." (Citation omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "When a party challenges the verdict in a case as against the manifest weight of the evidence, the party is attacking the credibility of the evidence presented." *Id.*

> This court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. *State v. Bruno*, 8th Dist. Cuyahoga No. 84883, 2005-Ohio-1862. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus; *State v. Eley*, 56 Ohio

St.2d 169, 383 N.E.2d 132   (1978).   Moreover, in reviewing a claim that

a conviction is against the manifest weight of the evidence, a reviewing

court cannot reverse a conviction unless it is obvious that the trier of fact

clearly lost its way and created such a manifest miscarriage of justice that

the conviction must be reversed and a new trial ordered. *State v. Garrow*,

103 Ohio App.3d 368, 370-371, 659 N.E.2d 814 (1995).

*State v. Mallette*, 8th Dist. Cuyahoga No. 87984, 2007-Ohio-715, ¶ 24.

## B.    Law and Analysis

{¶18} In Fields's third assignment of error, he contends that his conviction is

against the manifest weight of the evidence.   Specifically, Fields argues that because he

denied drinking, there was a lack of evidence.   This is not a sufficient assertion to argue

that his conviction is against the manifest weight of evidence.

> When reviewing a claim challenging the manifest weight of the evidence,
> the court reviewing the entire record, must weigh the evidence and all
> reasonable inferences, consider the credibility of the witnesses, and
> determine whether, in resolving conflicts in the evidence, the trier of fact
> clearly lost its way and created such a manifest miscarriage of justice that
> the conviction must be reversed and a new trial ordered. Reversing a
> conviction as being against the manifest weight of the evidence should be
> reserved for only the exceptional case in which the evidence weighs heavily
> against the conviction.

*State v. Melton*, 8th Dist. Cuyahoga No. 103341, 2016-Ohio-1227, ¶ 5.

{¶19} The evidence presented was that police officers noticed Fields parked his

car in an unusual manner.   When Officer White approached Fields, he smelled alcohol

on Fields's breath, observed Fields stumbling, and Fields was unable to answer questions

in a coherent manner. Fields admitted to driving and parking his vehicle in the space. *See, e.g., State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2013-Ohio-3813 (conviction of OVI where officers observed defendant's vehicle in a no park zone where defendant admitted driving the parked vehicle ten feet because the previous driver got sick).

{¶20} Fields refused several requests to take field sobriety tests. Fields was then placed under arrest and charged with OVI. At the Ohio highway patrol post, Trooper Kline smelled alcohol and stated that Fields was uncooperative. Fields refused to take a breathalyzer test.

{¶21} After reviewing the record, we cannot find that it is obvious that the trier of fact clearly lost its way. This is not an exceptional case where the evidence weighs heavily against the conviction. Therefore, Fields's third assignment of error is overruled.

{¶22} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE
KATHLEEN A. KEOUGH, P.J., and
MARY J. BOYLE, J., CONCUR